# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

SANDEE RAE BERG,

        Plaintiff,

v.                                           Case No. 24-CV-1311

ALLIED UNIVERSAL SECURITY SERVICES,

        Defendant.

## ORDER

      Before the court is plaintiff Sandee Rae Berg's Motion to Seal (ECF No. 19), filed on July 7, 2025. Berg moves this court to place a seal on this proceeding or, at minimum, render an order concealing her name because the public record of her suit risks complicating her attempts to find new employment. (ECF No. 19.)

      Berg filed this action against her former employer, Allied Universal Security Services, on October 15, 2024. (ECF No. 1.) In her complaint, Berg alleges that Allied wrongfully fired her in violation of the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. § 621 *et seq.*, the Americans with Disabilities Act of 1990 (ADA), 42 U.S.C. § 12112 *et seq.*, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*, and the "Wisconsin Fair Labor Standards Act" (as termed by Berg, likely intending the Wisconsin Fair Employment Act (WFEA)). (ECF No. 1 at 3.)

Allied moved to dismiss on January 2, 2025. (ECF No. 7.) This Court granted Allied's motion, finding Berg failed to exhaust her administrative remedies by neglecting to timely file a charge of discrimination with the Equal Employment Opportunity Commission (EEOC) before bringing her lawsuit for violations of the ADEA, ADA, or Title VII. (ECF No. 10, at 2–3.) This court dismissed Berg's final claim under "Wisconsin Fair Labor Standards Act," intended to refer to the WFEA, for failure to state a claim upon which relief could be granted, as the Act provides no private right of action. (ECF No. 10, at 3.) The court entered its decision and final judgment on March 7, 2025 (ECF Nos. 10–11) and Berg quickly filed her appeal (ECF Nos. 13–16).

With her appeal still pending, Berg now seeks an order to redact her name or seal the entire docket to prevent potential employers from being deterred from hiring her because of her suit and the disability revealed therein. (ECF No. 19.)

Proceedings in federal courts are "presumptively open to public scrutiny." *Hicklin Eng'g, L.C. v. Bartell*, 439 F.3d 346, 348 (7th Cir. 2006). "The people have a right to know who is using their courts." *Doe v. Blue Cross & Blue Shield United of Wisconsin*, 112 F.3d 869, 872 (7th Cir. 1997). Even where a litigant merely requests proceeding under a pseudonym in a federal action, district courts have, "an independent duty to determine whether exceptional circumstances justify such a departure from the normal method of proceeding in federal courts." *Id.* Identification of the parties to a proceeding is an important element of the cherished public nature of the court system. *Id.* Courts are rightly wary of impugning the publicity of the cases

before them, as "[a]ny step that withdraws an element of the judicial process from public view makes the ensuing decision look more like fiat[, requiring] rigorous justification." *Hicklin*, 439 F.3d at 348.

In the United States District Court for the Easter District of Wisconsin, sealing of dockets is governed by General Local Rule 79(d), which provides:

> (3) Any motion to restrict access or seal must be supported by sufficient facts demonstrating good cause for withholding the document or material from the public record….
>
> (4) Any party seeking to restrict access to documents or materials or to file confidential documents or materials under seal, whether pursuant to a Court-approved protective order or otherwise, must include in the motion a certification that the parties have conferred in a good faith attempt to avoid the motion or to limit the scope of the documents or materials subject to sealing under the motion.

Here, Berg elected to file a lawsuit. She thus placed both her dispute with her former employer and her disability at issue and in the public domain. While information regarding the case at bar may harm Berg's ability to find gainful employment if it remains public, the risks of publicity are known to all who seek to bring an action in United States federal courts. The court is not without compassion for the dilemma faced by Berg. There is merit to the concerns she raises. However, "[b]alancing the public's right to transparent court proceedings and a litigant's personal privacy interests is [always] difficult …." *Mitze v. Saul*, 968 F.3d 689, 692 (7th Cir. 2020). Given the prevailing rules and precedents governing public access to court proceedings, Berg's motion must be denied. First, Berg has failed to show any "exceptional circumstances" she faces that are significantly different than any person who brings an action for wrongful termination under the ADA. *See Blue Cross & Blue*

*Shield*, 112 F.3d at 872 (explaining the need for "exceptional circumstances" for district court to depart from the standard norms of proceedings in federal court); *accord Hicklin*, 439 F.3d at 348 (requiring "rigorous justification" for the court to remove part of the judicial process from public view). Her assertion that the publicity of a suit against a former employer may harm future employment prospects, while understandable, is not unique. Similarly, her fibromyalgia (ECF No. 1, § III(D)) is not such a badge of infamy or humiliation that it represents independent grounds to conceal the public record or Berg's identity. *See Blue Cross & Blue Shield*, 112 F.3d at 872 (explaining that the plaintiff's obsessive compulsive disorder was "common enough … in the modern world" that it was "not such a badge of infamy or humiliation" to constitute "ground[s] for concealing the identity of a party to a federal suit."). Second, Berg's motion does not include certification that she conferred in good faith with Allied regarding Berg's motion, as required by General Local Rule 79(d)(4). Third, Berg's motion, even if granted, would fail to achieve the relief she seeks, as this court lacks the authority to seal the appellate record, which is equally subject to public scrutiny, *Mitze*, 968 F.3d at 692 (quoting 7th Cir. Operating P. 10(a)) ("[E]very document filed … by this court … is in the public record unless a judge *of this court* orders it to be sealed."). With Berg's appeal still pending, a seal in this court would not prevent potential employers from learning of this dispute nor Berg's disability. For all of these reasons, Berg's motion is insufficient to justify sealing the case record or allowing her to proceed under a pseudonym.

**IT IS THEREFORE ORDERED** that plaintiff Sandee Rae Berg's Motion to Seal (ECF No. 19) is **DENIED**.

Dated at Green Bay, Wisconsin this 15th day of July, 2025.

*s/ Byron B. Conway*
BYRON B. CONWAY
United States District Judge
